# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

## NO. 21-1830

EUGENE MICHAEL FREIN AND DEBORAH FREIN,

Appellants

VS.

PENNSYLVANIA STATE POLICE, et al.,

Appellees.

## BRIEF OF APPELLANT

---

Appeal of Eugene Michael Frein and Deborah Frein from the Order Dismissing Case of March 29, 2021, in the United States District Court for the Middle District of Pennsylvania, Docketed at 3:20-cv-939-MEM

---

Curt M. Parkins, Esq.
Comerford Law
Attorney ID: 310571
Attorney for Appellant
538 Spruce Street, Suite 430
Scranton, PA 18503
570-880-0777
Fax: 570-880-0476
curt@comerfordparkins.com

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ...................................... 4

JURISDICTIONAL STATEMENT .................................................. 5

STATEMENT OF ISSUES PRESENTED FOR REVIEW ........................... 6

STATEMENT OF RELATED CASES .......................................... 7

STANDARD OF REVIEW .................................................. 8

STATEMENT OF THE CASE .................................................. 9

SUMMARY OF THE ARGUMENT ............................................ 12

ARGUMENT ................................................................. 13

CONCLUSION ............................................................... 21

# TABLE OF AUTHORITIES

**Caselaw**

<u>United States Supreme Court</u>

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).............................................................. 8
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)............................................. 8
*Knick v. Township of Scott, Pennsylvania*, 139 S.Ct. 2162 (2019) .............. 13
*Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank*,
    473 U.S. 172 (1985)..................................................................................... 12

<u>Circuit Courts of Appeal</u>

*AmeriSource Corp. v. United States*, 525 F.3d 1149 (Fed. Cir. 2008) ......... 16
*Coleman v. Watt*, 40 F.3d 255 (8th Cir. 1994)................................................. 18
*Denault v. Ahern*, 857 F.3d 76 (1st Cir. 2017) ......................................... 12, 13
*Deniz v. Municipality of Guaynabo*, 285 F.3d 142 (1st Cir. 2002) .............. 12
*Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153 (3d Cir. 2014)............. 8
*Klotz v. Celentano Stadtmauer and Walentowicz LLP*,
    991 F.3d 458 (3d Cir. 2021) ...................................................................... 8
*Lathon v. City of St. Louis*, 242 F.3d 841 (8th Cir. 2001) ....................... 17, 18
*Lawmaster v. Ward*, 125 F.3d 1341 (10th Cir. 1997)................................... 16
*Lee v. City of Chicago*, 330 F.3d 456 (7th Cir. 2003) ............................ 12, 15
*Johnson v. Manitowoc Cnty.*, 635 F.3d 331 (7th Cir. 2011)......................... 16
*McKenna v. Portman*, 538 Fed. Appx. 221 (3d Cir. 2013) ......................... 16
*Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*,
    363 F.3d 177(2d Cir. 2004) ....................................................... 12, 13, 14
*United States v. Jacobetz*, 955 F.2d 786, 802 (2d. Cir. 1992)….. ............... 14
*Walters v. Wolf*, 660 F.3d 307 (8th Cir. 2011).................................. 18, 19, 20

**Statutes**

28 U.S.C. § 1291.......................................................................................... 5
28 U.S.C. § 1331.......................................................................................... 5
42 U.S.C. § 1983.......................................................................................... 5

## STATEMENT REGARDING ORAL ARGUMENT

Appellants respectfully request oral argument in this matter.

## JURISDICTIONAL STATEMENT

The United States District Court for the Middle District of Pennsylvania had jurisdiction over this matter as it was a suit alleging that deprivation of a federal constitutional right arising out of factual occurrences in the Middle District.  42 U.S.C. § 1983; 28 U.S.C. § 1331.  The Third Circuit Court of Appeals has jurisdiction to entertain this appeal of a final judgment entered by the District Court pursuant to 28 U.S.C. § 1291.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

I.    Whether, where Appellees seized property belonging to Appellants, including, but not limited to, all of their firearms, pursuant to a search warrant, but failed to return this property, which was not contraband or evidence, to Appellants following their son's criminal trial and expiration of his appellate rights, the District Court erred in finding that Appellants failed to state a claim under the Second, Fifth, and Fourteenth Amendments to the United States Constitution?

## STATEMENT OF RELATED CASES

This is the first time that this matter has appeared in the Third Circuit. There are no related or pending matters.

## STANDARD OF REVIEW

The Third Circuit applies a *de novo* standard of review to a District Court's grant of a motion to dismiss for failure to state a claim. *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014)). This means that this Court must do as the district court was required to do and determine whether the complaint sets "forth enough factual allegations to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In ruling, this Court must accept all factual allegations in the complaint as true and draw all inferences from those facts in the light most favorable to Appellant. *Id.* (citing *Foglia*, 754 F.3d at 154 n.1).

## STATEMENT OF THE CASE

On September 12, 2014, Eric Matthew Frein, the son of Appellants, murdered one Pennsylvania State Trooper and injured another at the Pennsylvania State Police Barracks in Blooming Grove, Pennsylvania. (Appx0026-Appx0028 ¶ 12). In connection with the investigation into that shooting, Appellee, the Pennsylvania State Police, and its agents, named in Appellant's Complaint as John and Jane Doe officers, executed a search warrant at 303 Seneca Lane in Canadensis, Pennsylvania, a residential property and home belonging to Appellants. (Appx0026 ¶ 11). Pursuant to that warrant, the State Police seized numerous items owned by Appellants ("the Property"), which is more particularly described in Appellants' Complaint. (Appx0027-Appx0028 ¶ 14).

Eric Matthew Frein was tried and convicted in the Court of Common Pleas of Pike County, Pennsylvania; he was sentenced to death. (Appx0027 ¶ 13). Eric Matthew Frein's direct appeal has terminated, the United States Supreme Court having denied certiorari. (Appx0028 ¶ 16). Appellants' Property was not used as evidence in their son's trial. (Appx0028 ¶ 15). Appellants' Property is not contraband. (Appx0028 ¶ 18). Appellees continue to hold Appellants' Property without cause and refuse to return it despite numerous requests to do so. (Appx0028 ¶ 19). Appellees have not provided compensation to Appellants for the Property. (Appx0028 ¶ 20). Appellees have no good faith reason to continue to

hold the property. (Appx0028 ¶ 21). Appellants brought this action against the Pennsylvania State Police, the Pike County District Attorney's Office, Pike County District Attorney Ray Tonkin, and John/Jane Doe(s) pursuant to 42 U.S.C. § 1983 for violations of their Second, Fourth, Fifth, and Fourteenth Amendment Rights. (Appx0029-Appx0030). The Pennsylvania State Police Appellees and the Pike County District Attorney Appellees filed separate Motions to Dismiss under Pa. R. Civ. P. 12(b)(6). The District Court granted those motions. (Appx002). Appellants appealed. (Appx002).

## SUMMARY OF THE ARGUMENT

Appellants' lawfully obtained property was seized by the Government Appellees. While the initial seizure was lawful, the property was neither evidence nor contraband. The retention of their property following the criminal trial of Appellants' son remains unlawful. This is an unlawful taking under the Fifth Amendment. Appellees did not provide adequate post-deprivation process for the retention of the property, violating Appellants' due process rights. Furthermore, because *all* of their firearms were seized, Appellants' Second Amendment rights were violated.

## ARGUMENT

Upon review of Appellees' Motions to Dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the lower court granted those motions, finding that Appellants failed to state a claim under the Second, Fifth, or Fourteen Amendments. For the reasons stated herein, Appellants did indeed state claims under these Amendments, and the decision of the lower court should be reversed.

### I.     Fifth Amendment

Numerous Circuit Courts of Appeal have held that where police refuse to return property after it has been lawfully obtained, a claim is appropriately brought under the Fifth, rather than the Fourth, Amendment. *Denault v. Ahern*, 857 F.3d 76, 83 (1ˢᵗ Cir. 2017) (citing *Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177, 187 (2d Cir. 2004); *Lee v. City of Chicago*, 330 F.3d 456, 466 (7ᵗʰ Cir. 2003). While the *Denault* Court went on to note that a Fifth Amendment claim is not ripe in federal court until state remedies are exhausted, *Id* at 84 (citing *Deniz v. Municipality of Guaynabo*, 285 F.3d 142, 146 (1ˢᵗ Cir. 2002) (quoting *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194, 197-97 (1985))), following *Denault*, the United States Supreme Court expressly overruled *Hamilton Bank*, finding that state court remedies need not be exhausted in order to bring a Fifth Amendment claim for property deprivation or taking.

*Knick v. Township of Scott, Pennsylvania*, 139 S.Ct. 2162 (2019).

In *Denault*, police officers seized a defendant's vehicle to search for evidence. *Denault*, 857 F.3d at 79. The vehicle was searched pursuant to a valid warrant. *Id.* The search turned over no evidence, and, after a few days, the vehicle was turned over to a towing company. *Id.* The vehicle was eventually lost by the defendant because the storage and towing fees exceeded the value of the vehicle. *Id.* The defendant sued, becoming the federal plaintiff, claiming that the vehicle should have been immediately returned following the search. *Id.* The trial court found the initial seizure of the vehicle to be lawful. *Id.* at 81.

The First Circuit found that the plaintiff failed to state a claim under the Fourth Amendment, finding that "a plaintiff may challenge on federal constitutional grounds the government's retention of personal property after a lawful initial seizure ... in the Fifth Amendment rather than in the Fourth Amendment." *Id.* at 84. In rendering its decision, the Court relied on similar decisions by the Second, Seventh and Sixth Circuits. *Id.* at 83.

For instance, in *Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177 (2d Cir. 2004), the plaintiff, a high school math teacher, was subjected to two disciplinary proceedings regarding sexual harassment of female students. *Id.* at 180. Two days after the plaintiff was arrested for stalking one of the students, he was given a suspension letter which instructed to meet at the school four days

later to remove his personal belongings. *Id.* Plaintiff returned fourteen days later to get his property but was not able to retrieve all of it before he was forced to leave the building by the school. *Id.* at 180-81. Following that day, the school seized the remainder of the plaintiff's personal property including items which were in a locked cabinet that the school did not permit the plaintiff to access. *Id.* at 181. The school attempted to use these items at a disciplinary hearing, but the hearing officer would not admit them into evidence. *Id.* Thereafter, the school refused to return the remainder of the plaintiff's property to him. *Id.*

The plaintiff sued for unreasonable search and seizure under the Fourth Amendment. *Id.* The Second Circuit upheld the trial court's determination that the search and seizure were reasonable and lawful under the Fourth Amendment. *Id.* at 184-185. The plaintiff then argued that the failure to return the property to him after the lawful search and seizure was unlawful under the Fourth Amendment. *Id.* at 185; 187. The Court found that plaintiff could also not succeed on this argument because "where, as in this case, an initial seizure of property was reasonable, defendants' failure to return the items does not, by itself, state a separate Fourth Amendment claim of unreasonable seizure." *Id.* at 187 (citing *United States v. Jacobetz*, 955 F.2d 786, 802 (2d. Cir. 1992)).

In *Lee*, a victim whose car was reasonably and lawfully seized for evidentiary purposes claimed that a later "continued possession of the property by the government became a meaningless interference with his possessory interest and…must be interpreted" under the Fourth Amendment. 330 F.3d at 460. The Seventh Circuit found that both the text of the Fourth Amendment and precedent demanded the finding that the Fourth Amendment protects only an individual's retention of property, not their regaining of property, and, therefore, there is no continuing seizure after the initial lawful seizure. *Id*, at 460-64 (citations omitted). The Court ultimately concluded that the Fifth and Fourteenth Amendments are the proper vehicles by which to challenge such the Government's continuing holding of property following a lawful seizure. *Id*. at 466.

Appellants alleged that the Property is lawfully owned by them. They alleged that the property was taken by the Government. The taking has continued beyond that authorized by the search warrants at issue. It continues to be held despite the fact that it is neither evidence nor contraband. Appellants have not been compensated for the taking of their property. Therefore, Appellants have set forth a valid claim for taking under the Fifth Amendment.

The lower court found that there cannot be a valid Fifth Amendment claim where property is seized pursuant to a valid warrant. As *Denault* and the cases cited therein make clear, several Circuits have held to the contrary. In fact, none of

the Third Circuit cases cited by the court is factually analogous to this case; those cases apply either to seized contraband, damage to property caused during a legal search, or premature requests for return.  See *McKenna v. Portman*, 538 Fed. Appx. 221 (3d Cir. 2013) (Finding that there was no Fifth Amendment violation where the property seized pursuant to a valid warrant was ultimately returned, but damaged); *Lawmaster v. Ward*, 125 F.3d 1341 (10th Cir. 1997) (There, the challenge was to the types of items seized and damage caused to a property during the execution of a valid search warrant); *Johnson v. Manitowoc Cnty.*, 635 F.3d 331 (7th Cir. 2011) (Dealing with the damage caused to property by the manner in which a valid search warrant was executed); *AmeriSource Corp. v. United States*, 525 F.3d 1149 (Fed. Cir. 2008) (The items sought to be returned were contraband and evidence).  These cases are all different from this case in which the Government has retained property for six years following the execution of a valid warrant when that property was neither contraband nor used as evidence at trial. This case does not challenge damage caused by a lawful search.  This is about the Government's willful and unreasonable refusal to return two United States citizens' lawfully owned property to them. The lower court was correct that the initial seizure of the property does not constitute a taking when done under a warrant.  However, the continued possession of the property, which is not evidence or contraband, certainly does.

This case is akin to *Denault, Shaul,* and *Lee*, all cited above, which make clear that the Fifth Amendment is the appropriate vehicle through which Appellants may avail themselves when non-contraband, non-evidence property is seized pursuant to a valid warrant and not returned.  Furthermore, due to the Supreme Court's recent decision in *Knick*, unlike in those cases, Appellants need not have exhausted their state court remedies.  Therefore, the decision of the lower court should be reversed.

## II.    Fourteenth Amendment

The lower court erroneously found that Appellants failed to state a due process claim under the Fourteenth Amendment because the Commonwealth of Pennsylvania has adequate post-deprivation process.  The lower court cites to no Third Circuit Court of Appeals precedent that is on-point in this case.  However, the Eighth Circuit has specifically held that in the context of this case, post-deprivation remedies are not adequate.

In *Lathon v. City of St. Louis*, state law enforcement conducted a valid search warrant on the plaintiff's residence, seizing firearms, ammunition, and cash from the home.  242 F.3d 841, 842 (8th Cir. 2001).  The cash was subjected to a federal forfeiture action.  *Id.*  No criminal charges were filed against the plaintiff.  *Id.*  State law enforcement refused to return the property.  *Id.*  The plaintiff filed a § 1983 action alleging a deprivation of his due process rights.  *Id.*  The District Court

granted summary judgment to the defendants, claiming that the existence of a state law pre-deprivation process nullified the right to file a § 1983 action. *Id* at 843. The District Court also found that because the property was seized pursuant to a valid warrant, the plaintiff could not succeed on a constitutional claim. *Id.*

The Eighth Circuit overturned the District Court's decision. First, the Circuit Court noted that the "pivotal deprivation" was not the initial seizure pursuant to the valid warrant, but was "the refusal to return [the property] without a court order after it was determined that these items were not contraband or required as evidence in a court proceeding." *Id.* Furthermore, the Court found that "the authorized decision not to return [the plaintiff's] property is not the sort of action for which postdeprivation process will suffice." *Id.* at 844 (citing *Coleman v. Watt*, 40 F.3d 255, 262 (8th Cir. 1994) ("the availability of state law postdeprivation remedies bears relevance *only* where the challenged acts of state officials can be characterized as random and unauthorized")).

Later, in affirming its earlier decision, the Eighth Circuit explained that when there is an initial seizure by police and a later failure to return property after criminal proceedings, there are "two distinct deprivations and constitute separate Fourteenth Amendment events." *Walters v. Wolf*, 660 F.3d 307, 314 (8th Cir. 2011). The second event, or the second seizure, made when the property is retained and not returned, receives no pre-deprivation process, and this is a

18

violation of the Fourteenth Amendment. *Id.* at 314-315.   Therefore, there is a valid 1983 claim for denial or pre-deprivation process for the second seizure.  *Id.* This is what Plaintiffs in this case challenge – not the initial deprivation in the search warrant for which there are valid state procedures, but the second seizure – the retention – for which there was no pre-deprivation process.

This case is identical to *Lathon* and *Walters.*  The state's continued possession of non-evidence, non-contraband property is a pivotal deprivation for which a post-deprivation remedy is not adequate.  Therefore, the decision of the lower court should be reversed.

## III.    Second Amendment

The lower court also erred in finding that Appellants did not state a Second Amendment claim.  The Second Amendment protects "the right of the people to *keep* and bear Arms."   The word "keep" is particularly important in this matter as the lower court appeared to claim that because Appellants can go out and procure more guns, their Second Amendment Rights are not being infringed upon.

In *Walters v. Wolf,* the Eighth Circuit held that the failure to return a single handgun and ammunition and failing to return it to its owner is not an infringement on Second Amendment rights.  660 F.3d 307 (8th Cir. 2011).  However, the Court noted that "we do not foreclose the possibility that some plaintiff could show that a state actor violated the Second Amendment by depriving an individual of a specific

firearm that he or she otherwise lawfully possessed for self-defense." *Id.* at 318. This case is far different than the deprivation of a single handgun. In this case the government seized *all* of Appellants' firearms. They seized forty-six firearms, the vast majority of which could not and did not potentially match the rifle responsible for the shooting they were investigating. They took *all* of Appellants' firearms for self defense, eviscerating their right to keep arms. This is in stark contrast to a case involving a single firearm. Therefore, the decision of the lower court should be reversed.

# CONCLUSION

For the reasons stated herein, the decision of the lower court should be reversed.

Respectfully Submitted:

Curt M. Parkins, Esq.
Attorney for Appellant

## CERTIFICATE OF SERVICE

This 16th day of August, 2021, I, Curt M. Parkins, Esq., hereby certify that I served a true and accurate copy of the foregoing Brief upon Attorney David MacMain and Attorney Sean Kirkpatrick, Attorneys for Appellees, via first class mail and via ECF.

_____

Curt M. Parkins, Esq.

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)(7)(c)

This 16th day of August, 2021, I, Curt M. Parkins, Esq., hereby certify that, pursuant to Fed. R. App. P. 32(a)(7)(c), via the word-count feature in Microsoft Word, Appellant's Brief contains only 2,796 words. Furthermore, when excluding the pertinent sections under Fed. R. App. P. 32(f), the Brief contains less than thirty pages.

_____

Curt M. Parkins, Esq.

## CERTIFICATE REGARDING ELECTRONIC AND PAPER COPIES

This 16th day of August, 2021, I, Curt M. Parkins, Esq., hereby certify that the electronic copies and paper copies of the Joint Appendix and Appellant's Brief are identical to one another.

Curt M. Parkins, Esq.

## CERTIFICATE OF VIRUS SCAN

This 16th day of August, 2021, I, Curt M. Parkins, Esq., hereby certify that I ran a virus scan on the Appendices, Brief, and Addendum submitted to electronically, and these documents are virus-free.

Curt M. Parkins, Esq.

## CERTIFICATE OF THIRD CIRCUIT BAR MEMBERSHIP

This 16th day of August, 2021, I, Curt M. Parkins, Esq., hereby certify that I

am a member in good standing with the Bar of the Third Circuit Court of Appeals.

Curt M. Parkins, Esq.